O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA SALES, INC., a California Corporation dba Statewide Distributors,<br><br>   Plaintiff,<br><br>   v.<br><br>OFFICE OF THE UNITED STATES TRUSTEE,<br><br>   Defendant. | Case No. 5:19-cv-02133-JWH-KK<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [ECF No. 69]** |

Before the Court is the motion of Defendant Office of the United States Trustee (the "U.S. Trustee") for judgment on the pleadings.[1] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons detailed below, the Motion is **DENIED**, and the Judgment in this case is **AMENDED**.

## I. BACKGROUND

Plaintiff USA Sales, Inc.—a California tobacco distributor—filed a Chapter 11 bankruptcy petition in May 2016.[2] At that time, the relevant statute—28 U.S.C. § 1930(a)(6)—capped the fees payable by a Chapter 11 debtor to the U.S. Trustee at $30,000 per quarter.[3] In late 2017, Congress amended that statute to increase the quarterly fees applicable to debtors such as USA Sales.[4]

USA Sales commenced this civil case in November 2019.[5] USA Sales challenged the constitutionality of the statute, and it argued that, as a matter of statutory interpretation, the quarterly fee increase should not apply to USA Sales.[6] In April 2021, this Court concluded that the amendment to the quarterly fee schedule did not apply to Chapter 11 cases that were commenced on or before the amendment was enacted.[7] This Court further concluded that, even if the amendment did apply to USA Sales's Chapter 11 case, the amendment to the fee schedule violated the Bankruptcy Clause of the United States

---

[1] Def.'s Mot. for J. on the Pleadings (the "Motion") [ECF No. 69].
[2] *See* Mem. Op. on Cross-Motions for Summ. J. (the "Memorandum Opinion") [ECF No. 49] 9:2-5.
[3] *See id.* at 3:3-5.
[4] *See id.* at 3:5-20.
[5] *See id.* at 4:1.
[6] *See id.* at 4:1-8.
[7] *See id.* at 29:3-6.

Constitution.[8] This Court granted summary judgment to USA Sales and ruled that USA Sales was entitled to a refund from the U.S. Trustee.[9]

In June 2022, the U.S. Supreme Court issued its opinion in *Siegel v. Fitzgerald*, 596 U.S. 464 (2022). In *Siegel*, the Supreme Court held that the 2017 amendments to the fee statute were unconstitutional, but it declined to decide the proper remedy for that violation. *See id.* at 480-81. Following that decision, the Ninth Circuit issued an opinion affirming this Court's determination that USA Sales was entitled to a refund. *See USA Sales, Inc. v. Office of the U.S. Trustee*, 76 F.4th 1248, 1255-56 (9th Cir. 2023).

In June 2024, the Supreme Court decided *Office of the United States Trustee v. John Q. Hammons Fall 2006, LLC*, 144 S. Ct. 1588 (2024). In *John Q. Hammons*, the Supreme Court held that prospective parity, and not a refund of unconstitutional fees, was the proper remedy for the constitutional violation. *See id.* at 1600. The Supreme Court also vacated the Ninth Circuit's *USA Sales* opinion and remanded for further consideration in view of *John Q. Hammons*.[10] On remand from the Supreme Court, the Ninth Circuit issued an order reversing and remanding this Court's Judgment that USA Sales was entitled to a refund.[11]

On October 9, 2024, this Court ordered the parties to meet and confer regarding the posture of the case and to file a joint status report.[12] On

---

[8]    *See id.* at 36:3-5.
[9]    *See* Judgment [ECF No. 52].
[10]   *See* Order on Petition for Writ of Certiorari (the "Supreme Court Order") [ECF Nos. 64 & 65].
[11]   Order from Ninth Circuit Court of Appeals (the "Ninth Circuit Order") [ECF No. 66]; Mandate of Ninth Circuit Court of Appeals (the "Mandate") [ECF No. 67].
[12]   *See* Order [ECF No. 68].

October 25, 2024, the U.S. Trustee filed the instant Motion,[13] which USA Sales opposes.[14]

## II.  LEGAL STANDARD

At any time after the pleadings close and before the trial commences, a party may move for judgment on the pleadings.  *See* Fed. R. Civ. P. 12(c).  A motion under Rule 12(c) of the Federal Rules of Civil Procedure is substantively identical to a motion to dismiss under Rule 12(b)(6); it tests the legal sufficiency of the claims asserted in the complaint.  *See Erickson v. Boston Sci. Corp.*, 846 F. Supp. 2d 1085, 1089 (C.D. Cal. 2011) (internal citations omitted).  In ruling on a Rule 12(c) motion, the court accepts all allegations of the non-moving party as true.  *See id.*  The court then determines "whether the complaint at issue contains sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face."  *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1314 (Fed. Cir. 2021) (applying Ninth Circuit procedural law) (internal quotation marks omitted).

## III.  ANALYSIS

The parties dispute how this Court should proceed in view of the Ninth Circuit mandate and the Supreme Court's decision in *John Q. Hammons*.  The U.S. Trustee contends that this case must be dismissed because the Ninth Circuit reversed this Court's determination that USA Sales is entitled to a refund.[15]  USA Sales, however, contends that it may continue to seek a refund because its case is distinguishable from *John Q. Hammons*.[16]

---

[13]    *See* Motion.

[14]    *See* Opposition re:  Motion (the "Opposition") [ECF No. 73].

[15]    *See generally* Motion.

[16]    *See generally* Opposition.

The Court rejects both parties' contentions. As an initial matter, it would be inappropriate to dismiss the Complaint and to grant judgment in favor of the U.S. Trustee because the Supreme Court and the Ninth Circuit have both held that the fees at issue here were unconstitutional. *See Siegel*, 596 U.S. at 478; *USA Sales*, 76 F.4th at 1255-56. USA Sales thus asserted a viable—and successful—claim for relief, and the U.S. Trustee is not entitled to judgment in its favor. *Cf. Health Freedom Defense Fund, Inc. v. Carvalho*, 104 F.4th 715, 722 (9th Cir. 2024) (noting that judgment on the pleadings in favor of a defendant is proper only if a plaintiff's "claims fail as a matter of law").

However, it would also be inappropriate to permit USA Sales to continue to seek a refund. According to USA Sales, it may continue to seek a refund because the Supreme Court noted in *John Q. Hammons* that the petitioners "had the opportunity to challenge their fees before they paid them," but USA Sales did not have a prepayment opportunity to challenge the unconstitutional fees at issue here.[17] *See John Q. Hammons*, 144 S. Ct. at 1600. USA Sales overreads the importance of a prepayment opportunity to challenge fees. Although the majority in *John Q. Hammons* referred to the availability of a prepayment challenge, it made that reference to rebut due process arguments regarding prior tax cases. *See id.* The remainder of the opinion is clear that, for various reasons unrelated to any bankruptcy petitioner's ability to contest the fees before repaying them, "prospective parity . . . is sufficient to address the small, short-lived disparity caused by" the nonuniform fees imposed here. *See id.* at 1598. And even if that were not true, the Ninth Circuit Order and Mandate clearly state that the remedy in this case is prospective parity, not a refund. *See Firth v. United States*, 554 F.2d 990, 993 (9th Cir. 1977) ("[A] mandate is controlling as to all matters within its compass . . . .").

---

[17] *See generally id.*

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The U.S. Trustee's instant Motion for judgment on the pleadings [ECF No. 69] is **DENIED**.

2. The Judgment [ECF No. 52] will be **AMENDED** to reflect that the remedy in this case is prospective parity.

**IT IS SO ORDERED.**

Dated: December 17, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-6-